ORAL ARGUMENT NOT YET SCHEDULED

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| AMERICAN CHEMISTRY COUNCIL, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 14-1269 |

**EPA'S UNOPPOSED MOTION TO CONTINUE ABEYANCE**

In accordance with the Court's June 29, 2026 order, ECF No. 2180997, Respondent United States Environmental Protection Agency ("EPA") respectfully moves to continue the abeyance to allow the parties to continue discussions to identify any remaining issues appropriate for either reconsideration or litigation, with a motion to govern due in 60 days.  EPA has conferred with Petitioner regarding this motion who does not oppose the relief sought.[1]  In support of its motion, EPA states as follows:

---

[1] EPA has also conferred with movant-intervenors who represent that they do not take a position on the motion.

- 1 -

1)      Petitioner challenges a 2014 Rule entitled "National Emission Standards for Hazardous Air Pollutants: Generic Maximum Achievable Control Technology Standards; and Manufacture of Amino/Phenolic Resins."  79 Fed. Reg. 60,898 (October 8, 2014).

2)      Since May 2015, the Court has held this case in abeyance for EPA to reconsider the underlying challenged rulemaking.  ECF No. 1553619.  Since then, EPA has been submitting status reports every 90 days to report on its reconsideration efforts.

3)      This case was previously consolidated with another petition filed by Georgia-Pacific, LLC and challenging the same underlying rulemaking.  *See* Case No. 14-1267.  EPA has completed administrative proceedings with respect to issues raised by Petitioners Georgia-Pacific, *see* 83 Fed. Reg. 51,842 (Oct. 15, 2018) (revising the National Emission Standards for Hazardous Air Pollutants for manufacturers of amino and phenolic resins), and this Court has dismissed Case Number 14-1267.  *See* Order of Dismissal, Doc. No. 1785011.

4)      On June 29, 2026, EPA reported that that it has now determined that no further administrative steps are appropriate beyond the rule finalized in 2018.

5)      EPA is unaware of any remaining issues that require either further reconsideration or further litigation in this action.  Petitioner's counsel, however,

- 2 -

has recently informed EPA that Petitioner believes there are still issues to be addressed. Additional time is needed to further discuss the parties' positions.

Accordingly, EPA respectfully requests that the Court continue to hold this case in abeyance to allow the parties to conduct further discussions to identify any remaining live issues in this case, with a motion to govern due in 60 days.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment and Natural Resources
Division

 /s/ *Sarah Izfar*
SARAH IZFAR (DC Bar No. 1017796)
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
150 M Street, NE
Washington, DC 20002

Telephone (202) 532-3050
Facsimile (202) 514-8865
sarah.izfar@usdoj.gov

*Counsel for Respondent*

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing filing complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because it contains 341 words, excluding the parts of the filing exempted by Fed. R. App. P. 32(f).  The filing complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) because it was prepared in a proportionately spaced typeface using Microsoft Word 2016 in Times New Roman fourteen-point font.

*/s/ Sarah Izfar*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, I caused a copy of the above **MOTION** to be served by the Court's CM/ECF system on all registered counsel.

*/s/ Sarah Izfar*